UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Marcia Haller, | File No. 24-CV-00877 (JMB/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| American Tower, Inc. *d/b/a* SpectraSite Communications, LLC; AT&T Services, Inc. *d/b/a* New Cingular Wireless PCS, LLC; Does *1 through 10 inclusive*, and T-Mobile Central LLC, | |
| Defendants. | |

---

Marjorie J. Holsten, Holsten Law Office, Brooklyn Park, MN; and W. Scott McCollough (*pro hac vice*), McCollough Law Firm PC, Dripping Springs, TX, for Plaintiff Marcia Haller.

Larry E. LaTarte and Diego E. Garcia, Faegre Drinker Biddle & Reath LLP, Minneapolis, MN, for Defendant American Tower, Inc. d/b/a SpectraSite Communications, LLC.

Toni M. Jackson, Crowell & Moring LLP, Washington, DC, for Defendant AT&T Services, Inc. d/b/a New Cingular Wireless PCS, LLC.

Dean M. Zimmerli, Gislason & Hunter LLP, New Ulm, MN; and Adam Merrill (*pro hac vice*), Polsinelli PC, Phoenix, AZ, for Defendant T-Mobile Central LLC.

---

This matter is before the Court on Defendant AT&T Services, Inc. d/b/a New Cingular Wireless PCS, LLC's[1] (AT&T) and Defendant T-Mobile Central LLC's

---

[1] The Court notes that Haller identifies the AT&T party as "AT&T Services, Inc. d/b/a New Cingular Wireless PCS, LLC" in the Amended Complaint; however, the AT&T party appears to identify itself in its filings as "New Cingular Wireless PCS, LLC d/b/a AT&T Mobility." (*Compare* Doc. No. 17-2, *with* Doc. No. 29.)

1

(T-Mobile) Joint Motion to Dismiss and Defendant American Tower, Inc. d/b/a SpectraSite Communications, LLC's (SpectraSite) Motion to Dismiss.  (Doc. Nos. 28, 31.)  For the reasons explained below, the Court grants both motions and dismisses this action.

## BACKGROUND

Plaintiff Marcia Haller lives with her husband and son in a single-family residence in Duluth, Minnesota.  (Doc. No. 17-2 [hereinafter "FAC"] ¶ 9.)  Near to Haller's home sits a wireless processing facility (Tower) owned by SpectraSite, from which telecom service providers AT&T and T-Mobile (TSP Defendants) operate a wireless transmitting facility.  (*Id.* ¶ 13.)  In October 2019, the Tower was upgraded.  (*Id.* ¶ 20.)  Shortly after the upgrade, Haller began to experience "severe, disabling symptoms" including multiple strokes, vision loss, hearing loss, headaches, sleep disruption, chronic fatigue, and cognitive impairment.  (*Id.* ¶¶ 20, 21.)

In total, Haller asserts that she has suffered fifty-one strokes, necessitating cumulative months of hospitalization.  (*Id.* ¶¶ 20, 25.)  Haller's symptoms recede when she leaves her home and avoids other radiofrequency areas, but as soon as she returns to her home, the symptoms return.  (*Id.* ¶¶ 21, 22, 24.)  The radiofrequencies interfere with Haller's ability to concentrate, read, hear, and learn.  (*Id.* ¶ 19.)  When Haller is at home, she spends most of her time in her garage in a "Faraday Cage," a small structure built to block radiofrequencies.  (*Id.* ¶¶ 22, 23.)

Haller asserts that ongoing operation of the Tower and its emissions constitute discrimination by a place of public accommodation in violation of Title III of the Americans with Disabilities Act (ADA).  (*Id.* ¶¶ 33–50 (citing 42 U.S.C. § 12182).)  Haller

seeks declaratory and injunctive relief to order the relocation of the wireless transmitting facility or otherwise reduce the radiofrequency emissions directed toward her home.

## DISCUSSION

All Defendants move to dismiss Haller's ADA claim under Federal Rule of Civil Procedure 12(b)(6).  Title III of the ADA proscribes discrimination against persons with disabilities in places of public accommodation.  *See* 42 U.S.C. § 12182(a).  To establish a public accommodation claim under Title III, the plaintiff must establish the following four elements: (1) the plaintiff is disabled with the meaning of the ADA; (2) the defendant owns, leases or operates a place of public accommodation; (3) the defendant discriminated or otherwise took an adverse action against the plaintiff based on the plaintiff's disability; and (4) the defendant failed to make a reasonable modification that would have accommodated the plaintiff's disability without fundamentally altering the public accommodation's nature.  *Koester v. Young Men's Christian Ass'n of Greater St. Louis*, 855 F.3d 908, 910 (8th Cir. 2017).

When presented with a motion to dismiss under Rule 12(b)(6), courts consider all facts alleged in a complaint to be true and then determine whether the complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A pleading has facial plausibility when its factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In this analysis, courts construe the allegations and draw inferences from them in the light most favorable to the plaintiff.  *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911

F.3d 505, 512 (8th Cir. 2018). However, courts will not give a plaintiff the benefit of unreasonable inferences, *Brown v. Medtronic, Inc.*, 628 F.3d 451, 461 (8th Cir. 2010), and are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). All told, a complaint must contain "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Here, because Haller has not alleged all elements of a public-accommodation discrimination claim under the ADA, the Court grants the Defendants' motions.

The Court first addresses the TSP Defendants' motion to dismiss and then briefly considers SpectraSite's motion.

## I. TSP DEFENDANTS' MOTION TO DISMISS

The TSP Defendants ask this Court to grant their motion to dismiss because they assert, among other deficiencies, that Haller has not alleged any discriminatory action undertaken by the TSP Defendants. (Doc. No. 29 at 16–17.) The Court agrees.

Here, Haller contends that the TSP Defendants have engaged in public-accommodation discrimination because, when she tries to use the cellular network in the same way as other, non-disabled users, her condition is exacerbated. (FAC ¶ 43.) To establish a violation of the ADA, "a plaintiff must show he or she was discriminated against based on his or her disability." *Abdull v. Lovaas Inst. for Early Intervention Midwest*, No. CIV. 13-2152 (ADM/JJK), 2013 WL 6729451, at *4 (D. Minn. Dec. 20, 2013) (citing *Argenyi v. Creighton Univ.*, 703 F.3d 441, 447 (8th Cir. 2013)). Title III of the ADA lists various conduct that constitutes public-accommodation discrimination including using

4

eligibility criteria to screen out disabled individuals, maintaining policies that inhibit disabled individuals from enjoying the same product available to others, neglecting to provide auxiliary aids and services where needed, and failing to remove architectural barriers or communication barriers "that are structural in nature." *See* 42 U.S.C. § 12182(b)(2)(A)(i–iv). Even accepting as true Haller's allegations of severe adverse reactions to radiofrequencies emitted by the TSP Defendants' antennas, the factual allegations in the Amended Complaint, when viewed in their entirety, do not identify any discriminatory act on the part of the TSP Defendants. Instead, she merely alleges that the TSP Defendants provide services to Haller in the same way that they provide services to other customers. In this way, the allegations only relate to the TSP Defendants' indiscriminate act: broadcasting a cellular network. Such an indiscriminate act does not constitute an act of discrimination under Title III. *See Safe Air for Everyone v. Idaho*, 469 F. Supp. 2d 884, 888 (D. Idaho 2006) (dismissing ADA claim regarding air pollution on finding that an indiscriminate provision of benefits "does not discriminate against disabled individuals based upon their disabilities by failing to consider and take into account any needs such individuals may require in order to access public services"). The Court can discern no specific act toward Haller that is different than any act taken toward other non-disabled individuals.

To the extent that Haller is asking the TSP Defendants to fundamentally alter the nature of their service or business as an accommodation for her disability, such requests are clearly excluded from Title III relief. *See* 42 U.S.C. § 12181(b)(2)(A)(ii) (providing that modifications that "would fundamentally alter the nature of such goods, services,

5

facilities privileges, advantages, or accommodations" are not required by the ADA); *see also McNeil v. Time Ins. Co.*, 205 F.3d 179, 188 (5th Cir. 2000) (explaining that a public-accommodation owner or provider "need not modify or alter the goods and services that it offers in order to avoid violating Title III"); *Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 560 (7th Cir. 1999) ("The common sense of the [ADA] is that the content of the goods or services offered by a place of public accommodation is not regulated."); *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 613 (3d Cir. 1998) ("The purpose of the ADA's public accommodations requirements is to ensure accessibility to the goods offered by a public accommodation, not to alter the nature or mix of goods that the public accommodation has typically provided." (quoting 28 C.F.R. pt. 36, app. B, at 640 (1997)).

Likewise, to the extent that Haller brings a personal injury claim against TSP Defendants for injuries allegedly caused by radiofrequency emissions, such claims fall beyond the ADA's provisions. *See Samuels v. Safeway, Inc.*, 391 F. Supp. 3d 1, 4 n.1 (D.D.C. 2019) (explaining that "the ADA was intended to combat discrimination, not to offer protection from injury for people with disabilities" (citations omitted)); *Aponik v. Verizon Penn. Inc.*, 106 F. Supp. 3d 619, 620 (E.D. Pa. 2015) ("[T]he ADA does not provide a remedy for alleged injuries or exacerbation of such injuries resulting from conduct in violation of the ADA."); *White v. NCL Am., Inc.*, No. 05-CV-22030, 2006 WL 1042548, at *5 (S.D. Fla. Mar. 8, 2006) ("[T]he ADA was not designed to protect those with disabilities from personal injuries.").

6

In short, Haller has offered no legal authority to support her expanded interpretation of public-accommodation law under the ADA.[2]  Therefore, the Court grants the TSP Defendants' motion and dismisses Haller's claims against them with prejudice.[3]

---

[2] The Court has reservations about the allegations in the Amended Complaint for two additional reasons.  First, the Court is concerned that the TSP Defendants may not qualify as places of public accommodation within the meaning of Title III of the ADA.  The ADA provides an instructive list of qualified places of public accommodation, which are traditionally physical, publicly accessible locations such as museums, libraries, galleries, parks, zoos, schools, day care centers, homeless shelters, gymnasiums, and bowling alleys. 42 U.S.C. § 12181(7)(A–L).  While public-accommodation categories are to be "construed liberally," *Nathanson v. Spring Lake Park Panther Youth Football Ass'n*, 129 F. Supp. 3d 743, 747 (D. Minn. 2015), Haller directs the Court to no legal authority interpreting the ADA so flexibly as to include a cellular network itself as a place of public accommodation, and other courts have rejected such a proposition.  *See Allen v. Horizon Tower Ltd., LLC*, No. 1:23-CV-0559 (BLW), 2024 WL 3067273, at *5 (D. Idaho June 20, 2024) (dismissing ADA claim on grounds that cell tower and network were not places of public accommodation); *Mapes v. Cable One*, No. 22-CV-0203 (PPS/JEM), 2022 WL 3279253, at *2 (N.D. Ind. Aug. 11, 2022) (dismissing ADA claim for failing to establish in pleading that cable network was a place of public accommodation).

Second, the Court is concerned that Haller lacks standing to sue T-Mobile.  Haller does not allege that she is a current or former customer of T-Mobile, nor does she represent that she has attempted to use T-Mobile's services.  Instead, Haller asserts—outside of the pleadings—only that she is a "potential T-Mobile customer." (Doc. No. 37 at 19.)  This is insufficient to establish Article III standing to sue T-Mobile under Title III.  *See Smith v. Golden China of Red Wing, Inc.*, 987 F.3d 1205, 1209 (8th Cir. 2021) (dismissing claim wherein plaintiff's aspiration to "some day" visit restaurant was "insufficient to establish an injury in fact").

[3] Haller informally requests leave to amend throughout her opposition brief.  (*See* Doc. Nos. 37 at 15 n.21, 18 n.26, 21 n.30, 28 n.46.)  These requests do not follow the proper procedure for seeking a leave to amend a pleading in this District.  *See* Minn. L.R. 15.1. In addition, none of Haller's proposed amendments would cure the deficiencies in her Amended Complaint.  Therefore, the Court concludes that granting leave to amend would be futile.  *See Boitnott v. Border Foods, Inc.*, 361 F. Supp. 3d 858, 868 (D. Minn. 2019) ("A motion to amend is properly denied as futile when the proposed amended complaint cannot survive a motion to dismiss for failure to state a claim." (quotation omitted)).

## II. SPECTRASITE'S MOTION TO DISMISS

SpectraSite also moves to dismiss Haller's claim against it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on grounds that Haller alleges no discriminatory conduct on the part of SpectraSite. The Court agrees. At best, the FAC alleges that SpectraSite leases space on its Tower to the TSP Defendants. (*See generally* Doc. No. 17-2; *see also* Doc. No. 37 at 29–30.) Because the Court has identified no plausible allegation of discrimination by SpectraSite's lessees, as discussed *supra*, SpectraSite's act of leasing is not a discriminatory act. The Court also grants SpectraSite's motion.[4]

---

[4] The Court is also concerned, as discussed *supra* note 2, that the Tower is not a place of public accommodation. *See Horizon Tower Ltd.,* LLC, 2024 WL 3067273, at *5.

# ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendants AT&T Mobility's and T-Mobile Central, LLC's Motion to Dismiss (Doc. No. 28) is GRANTED;

2. Defendant SpectraSite Communications, LLC's Motion to Dismiss (Doc. No. 31) is GRANTED;

3. Plaintiff Marcia Haller's First Amended Complaint (Doc. No. 17-2) is DISMISSED in its entirety, with prejudice; and

4. Defendants' unopposed joint motion to strike (Doc. No. 47) is DENIED as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 18, 2025                    /s/ *Jeffrey M. Bryan*
                                            Judge Jeffrey M. Bryan
                                            United States District Court